We'll hear argument in the next case, New York Life versus Singh. Good morning. Good morning, Your Honors. Eric D'Alessanzo for Shakti Singh and the Estate of Sanjeev Singh. In this case, the district court made multiple legal errors that ultimately had the effect of rewarding Seema Sahani, the ex-wife, with over a million dollars in life insurance benefits, even though it's really undeniable that she committed fraud against him and against New York Life. Where? Where? What? He, when he married her, did a perfectly ordinary thing, which was turn over his life insurance and bought other life insurance for the benefit of his wife. He didn't only make her a beneficiary, but he made her the owner. And it says so on the policy. Now, you say there's a duty to explain more, all sorts of things. This is the most ordinary kind of case. Somebody marries somebody, buys life insurance, and turns over the policy. Happens all the time. I really don't understand what your argument, I'm really puzzled, I must say. I disagree respectfully, Your Honor, because if we're talking about norms here, the norm that I'm familiar with is that when people get married, they may transfer individual property jointly. This is a transfer from Sanjeev Singh, individually, entirely to his wife. And the example- And when people get married, instead of having their life insurances be for the benefit of other relatives, they turn it over to their spouses. Well, that I agree with, and I say that in my brief, Your Honor, that naming his wife as beneficiary- This was a genuine marriage, right? There's no one doubts that they were husband and wife for five or six years? Correct. But the point I'm making is that the ownership is different than the beneficiary- Where was the fraud? I don't understand what the fraud is. It is that, and I have this in my second amended answer, is that it is to be explained to the insured if he is not going to be the owner. And if I could give an example, because- There's nothing odd about turning over ownership. There are lots of reasons why you don't make somebody just the beneficiary or the owner. My children are the owners of my government life insurance, not just the beneficiaries. There are reasons why I made them owners. There are any number of times you give property and only not make them beneficiary. I think your whole argument has to be based on saying there's something peculiar in making a spouse the owner of a life insurance policy, and I don't know where that comes from. Well, I think that these are factual inferences that are being made here, and that he, Sanjeev Singh, did not understand that he was not the owner because he wrote a letter to New York in which- The transfer of the whole life policy says on the front page, on A78, this is a transfer of ownership, right? This section to be completed by the new owner. I mean, there's nothing subtle about that. Right. I don't disagree with that, Your Honor, but my point here is that the fiduciary, I'll call it an exception to the statute of limitations, should have been applied here because this is not an arm's length transaction like when one goes to a car dealer. It is between husband and wife, family members, and he was made- He's an adult. He was educated. He signed the form that said he made a transfer of ownership. How does the fiduciary relationship bear on that? Because he was just directed to sign certain documents, and he followed their guidance blindly. Directed by whom? Directed by his wife and her sister. If I could just give a brief example. This is akin because the whole life policy- Let's see. If every time I follow the directions of my wife or my wife's sister, there is a breach of fiduciary, there must be breaches of fiduciary in my life every day. Well, if money is taken from one spouse and given entirely to another, and so my example is that if- It happens all the time. I mean, I'm with Judge Calabresi on this. This is, you know, when you get married, that's what you do. In any event, it's hard to see where the fraud is in that happening. Maybe some husbands and wives don't want to do that, but where is the fraud? Given the plain language of the documents, that this was a genuine marriage, that they lived together as husband and wife for six years until they divorced, where is the fraud? Well, I would just, if I could follow through with my example, because the whole life- Where is the fraud? It is transferring money that somebody had and saying, we're not going to own this jointly, you're not going to have this individually, I'm not telling you, I'm going to use my sister and I'm going to get all of that money myself. And I don't believe that's a reasonable behavior by a spouse, and he certainly didn't know about it. And that would be the same as if the sister was a banker, Bank of America, they go in, she says, we're going to open up a new bank account, and then he walks out of the bank and doesn't know that not only is it in her name, but his own- It's possible that he didn't understand that he couldn't change his mind later, but it still doesn't rise to the level of fraud and misrepresentation. It's hard to see how it could rise to the level. Well, the standard in the life insurance industry, and I have an expert who would say this, is that if anyone but the insured is going to be the owner, it has to be disclosed and revealed. Could you take a moment, please, and discuss your jurisdictional argument? That was your lead. Why didn't the deposit of funds cure whatever defect there was at the beginning? There was a motion to make the deposit, and it was not acted on promptly, but it was acted on ultimately, and everyone went along on the understanding that an actual deposit would be made and that the willingness was made clear by the motion filed by New York Life. Why wasn't that sufficient? Because Section 1335 expressly says that there has to be two things. One is diversity amongst adverse claimants, and two, a deposit. The strict language of that is that when the deposit was actually made, there were not adverse claimants for the $1 million life insurance policy, so there was no jurisdiction. The district court, I believe, misconstrued the case law and took one thread of cases that say, okay, once an interpleader action is commenced, there may be a motion to deposit in a little lag time, and those cases just say, well, we're not going to dismiss an interpleader case during that time period, but it's clear that there cannot be rulings on the merits in the meanwhile, and that jurisdiction is determined at the time of deposit. The district court's decision really greatly expands in numerous ways the interpleader statute to really open the doors for a number of different cases to be filed. I know there's a Seventh Circuit case interpreting it narrowly, but the southern district courts seem to have applied a somewhat more practical understanding of the motion because you can't make the deposit without the court having approved the motion, correct? That's correct, but they don't touch upon the issue of when do you decide diversity, and the statute is really clear. It's at the time of deposit. Let me ask a different question. You filed diversity claims, right? You filed counterclaims or cross-claims, I guess, in your answer, your original answer in November 2014. You filed claims of fraud and so on against New York Life and against Ms. Sahani. Those concern matters worth over $75,000 because it was the policy, the million-dollar policy. Your clients in Indiana and New York Life and Ms. Sahani are in New York and citizens of New York. I wondered whether there wasn't diversity jurisdiction over those claims that the court properly exercised from November 2014 thereon, and whether that wouldn't be sufficient to rebut your interpleader jurisdiction argument. I don't think so because jurisdiction isn't determined by what one party to a case does, but it's an objective analysis, time of deposit, and then who the claimants are. There's rule interpleader that's available, and that could have been a remedy used by the court on the basis of the diversity jurisdiction of your cross-claims. What am I missing in that? Well, we didn't brief Rule 22 interpleader, and so, candidly, I'm not that familiar with it, but my understanding is it's a diversity analysis where the filing party and the defendants, there has to be complete diversity between them, which would not . . . But there was diversity between your client from Indiana, on the one hand, and the defendants who you sued or who had included New York Life, as well as Ms. Sahani, who were both in New York, and they were on the other side of the equation, of the fraud equation and so on. Why wouldn't that be sufficient? Well, because the initial case, if we're looking at a Rule 22 analysis, which never came into play, I don't believe that there would be the diversity because Sahani was of New York and New York Life is a New York resident, so . . . You're saying the whole thing is flawed because the complaint didn't include a deposit at the same time. No. I'm saying that when the deposit was made, the adverse claimants for the $1 million policy were both New York residents, and if one reads the statute plainly, that means there's no jurisdiction over the $1 million policy. Over the $250,000 policy, yes, there is jurisdiction because the claimants are Indiana, the adverse claimants are Indiana and New York, and I'm saying that if there's no jurisdiction for the $1 million policy, then in that case, abstention should be exercised so that everything is heard in the state court. If there is jurisdiction with respect to part of this dispute, and there would not be diversity jurisdiction with respect to the other, but that the issue in both is exactly the same, isn't there pendant jurisdiction over the other? I don't believe so. I believe that the proper result would be that . . . You say they should abstain, but we have any number of cases where there would not be jurisdiction over one issue, there is jurisdiction over another issue, and then it is appropriate because the substantive matter is the same. The substantive matter is, was there fraud? That's the thing you're claiming, and isn't that essentially the same in both? I am not aware of any authority that allows pendant jurisdiction of part of an interpleader action. I think of it more in the context of other claims, not as the res of an interpleader splitting it up and then saying, well, we're going to use pendant jurisdiction to include the part that there's no jurisdiction for because the statute does talk about adverse claimants and a single policy. You have some time for rebuttal. We'll hear from the other side. Good morning, Your Honors. May it please the Court. My name is Miranda Fritz. I represent Seema Sahani, who, as the Court has pointed out, was both the owner and the beneficiary of two policies that were acquired or transferred soon after her marriage to Sanjeev Charles in 2007. This case came about because Sanjeev Charles' mother, in 2014 after his death, began to try to assert claims to try to get the money. At that point, they essentially demanded that an interpleader be filed, and that was filed in 2014. For the next two and a half years, in the district court, the Court dealt with a series of amended pleadings, shifting theories, various claims, multiple motions, motions for reconsideration, then invoking the doctrine of abstention. I note that because over the course of those two and a half years, Magistrate Gold issued one decision in which each and every one of a boatload of assertions and claims was carefully addressed. Judge Gershon then, in order to, as she put it, staunch the flood of filings that was occurring in the district court, withdrew the referral and then dealt with the issue herself, again, issuing repeated and thoughtful . . . The passage of time doesn't create subject matter jurisdiction, and I'm concerned about the literal language of Section 1335, which seems to require a deposit in the outstanding dependency of the motion. Let me just go back to the beginning. When the interpleader began, obviously New York Life immediately made a motion to deposit the funds. At that point, diversity was clear. It was Indiana and New York as the claimants to the fund. What happened after that were all a series of machinations by counsel for Ms. Singh injecting the estate, for example, into the case . . . The argument now is that you don't look at when the complaint is filed, you look at when the deposit is made. The deposit wasn't made until much later, and at that point, the diversity had changed. As a practical matter, I think the court below had to deal with the fact that that would result in this kind of litigant being able to simply reconstruct and deal with various permutations when . . . It's frustrating, but how do you respond to that argument on the merits? That the diversity does need to be decided at the time that the case is initiated, underway, when all parties are participating in the case, and it doesn't evolve or disappear depending on when the . . . In terms of the language of the statute, are you saying that the time the money is put in is only important where it happens concurrently with the rest, and that it shouldn't be treated as a separate requirement for later? Is that the argument you're making? That's exactly correct. The statute doesn't say simultaneously these events have to occur. What the statute says is that this kind of jurisdiction requires that both of these events occur. It's not suggesting . . . And your argument is that it is sensible to read it that way, even if the language does get in the way a bit. Couldn't say it better myself. I think otherwise the practical issues associated with what Mr. D'Anicenzo is suggesting . . . If we have one policy, we have pendant jurisdiction over the other policy. In this particular circumstance, I think that's a very critical point, because obviously the facts are identical. The facts are completely overlapping. Since these issues were going to be adjudicated, there could have been an argument . . . I'm going to ask opposing counsel, but I'll ask you, do you have any cases of pendant jurisdiction in this situation? I'm going to ask opposing counsel, do you have any cases that limit, that say there isn't pendant jurisdiction in these circumstances? Because pendant jurisdiction is a general term, so I'd like to know, do we have authority on that? I don't have authority for that particular point, but I do think that in this instance, that decision . . . Again, we were a year and a half into the case before this issue of the estate was injected by Mr. D'Anicenzo in what was described by the judge as seeming plain form shopping at that point. I think at that point, the decision was going to be made, regardless of how the other claim was treated. That decision was going to be binding in terms of the other policy, regardless. At that point, that issue was going to govern. Now, Mr. D'Anicenzo did have another case. He had filed at least two, if not three other cases while we were in front of Judge Gershon, but in any event, the decisions that Judge Gershon made on that critical underlying issue were inevitably going to govern the decision with respect to the entire fund. I'd like to also add one point of clarification, if I may. In terms of this idea of what was the alleged fraud, I just want to point out, this was a very peculiar allegation. What Mr. D'Anicenzo ultimately asserted, and it shifted. It was forgery in the beginning, and then it shifted through other permutations. What he ultimately claimed was simply this, that Sanjeev Charles chose not to read with detail the documents that were signed because of some custom and practice in the Indian community. I think all of the case law that we're accustomed to, that would apply to say, this is not in any way, shape, or form a fraud, is all the more impactful under these circumstances, where there's not even an allegation of deception. Thank you. We'll hear from your colleague. We have one more. Wait, wait. May I please support Deirdre Conley, counsel for New York Life Insurance Company. Your honors, New York Life commenced this action as a simple interpleader. New York Life has represented from the very beginning of the case that it is a neutral party seeking only to deposit the funds and get out of the case without having to get embroiled in familial disputes between the adverse claimants. Unfortunately, due to- Here you are. Yes, unfortunately, here we are. And I guess as an initial matter, I would like to say that in the end, we did deposit the funds. And at that point, I would submit that New York Life's role in this action should be finished. There were claims filed against New York Life as well, since Ms. Sahani's sister and father, I guess, were agents of New York Life. So there were allegations of that type made. It's not entirely right to characterize yourselves as just merely a neutral stakeholder. Granted, I mean, granted we are neutral. I mean, New York Life's position is that the agents were, they are independent agents. New York Life is not liable for the acts of independent agents, and their acts cannot be attributed to New York Life. And your position on jurisdiction, I mean, the statute says has deposited that amount, and diversity exists. And I'm concerned about that language, because obviously you tried to deposit that amount. Yes. But weren't successful for over two years. Yes, Your Honor. New York Life attempted to deposit, as you know, rule 67, local rule and federal rule 67, requires an order instructing the clerk of the court to accept the funds. So we attempted and we renewed our application to the district court numerous times over. And because there were so many different motions pending, they never got around to granting that order. But I would submit that the case law in New York is pretty clear. And I can quote to you, Great American Insurance versus Gold Coast Eastern District. District court. Yes. And then we have a recent Seventh Circuit opinion saying, no, it means has deposited. Well, I mean, I would submit the Seventh Circuit isn't controlling here. Obviously, it's not controlling, but- And also, I think, is that Texas and- It's Chicago. Oh, Chicago, sorry. But the Southern District and the Eastern District have both held that when the stakeholding plaintiff tenders the funds and indicates it is relinquishing ownership of the funds to the court, that is sufficient to establish and maintain jurisdiction. Was that what happened in the Seventh Circuit case? Or can the Seventh Circuit case be differentiated on this fact? The, which is this owner? This is the- Jonas? State Farm v. Jonas. Okay, the State Farm case, I'm sorry. Yes, that can be distinguished. In that case, actually, the court dismissed the action, not because there wasn't a deposit, but because there was no true risk of multiple liability in that case. So it was really, I mean, the court did- The court does say the statute requires cash on the barrel head. It does, Your Honor. However, that was dicta in a sense, in that that wasn't the reason for the dismissal. And I would submit that again, it's not controlling here. I think it's clear that, I mean, it wouldn't make sense, I think, as Your Honor pointed out earlier, to say that there was no jurisdiction, the court has no jurisdiction because the funds haven't been deposited. When they have to actually be given jurisdiction in order to issue an order for deposit. So it's illogical to state that the court had no jurisdiction because the funds weren't deposited. When they have to issue an order in order for that to happen. So, with respect to minimal diversity, also, Your Honor, I just would like to make clear. I think it's very clear in New York that minimal diversity is established at the time the action is commenced. And subsequent events, changes of- Isn't it anomalous? I mean, you're arguing that we should look at the fact that a deposit was made, ultimately. But at the time, we should consider diversity at the time the complaint was filed, which was two and a half years before. Well, I mean- The statute requires that both occur to vest the court with subject matter jurisdiction. Well, it does require both to occur, but it doesn't specifically require that they both occur at the same time, or that one should occur before the other. It doesn't specify an order, it just says that they both have to occur. And I don't see any case law cited by Ms. Singh that states that there's a specific order in which those two events have to occur. Whether one needs to occur before the other, or they need to occur at the same time. Thank you. Thank you. We'll hear the rebuttal now. I disagree- Before you begin, let me just ask a quick question. Am I right in understanding that Ms. Singh never waived her claim to the term life policy? And that she declined to sign a formal waiver of her rights to the term. So she was, the term life policy. So even at the time of the deposit, she remained a claimant or potential claimant to the term life policy. Isn't that right? No, I would disagree with regard- Did she sign a waiver? She never did sign a waiver. And I don't know if it's in the record, and I honestly don't have a memory if such a presentation was actually made to her before the deposit. But she still had her counterclaims against New York Life, right, that made a claim to the term life policy. That was still the operative complaint, or answer, right, the answer that stated the claims. That's correct, Your Honor. So as a formal matter, it seemed to me that she was still a claimant to the term life policy, and that might preserve jurisdiction. Why is that wrong? Because the statute, if one looks at it, it says two or more adverse claimants are claiming or may claim, all present and into the future. She was claiming. I mean, those were still the operative, that was the operative amended answer. And she had declined to, she had not signed any waivers as far as the record shows. Well, except she filed a motion with the court saying, I'm not making a claim for the $1 million policy. I want to change the answer. I'm not making that claim. Statute says, are claiming. That motion wasn't granted. Correct. So she remained a claimant. No, because she was not claiming. She was not actively claiming. That, you can choose the language. Do you have any cases that suggest that pendant jurisdiction is limited in this area? No, I don't, except to say that I believe, at least my understanding of pendant jurisdiction, involves a plaintiff and a defendant, and then the other state law claims coming in. I thought pendant jurisdiction meant that if you had jurisdiction over some things, and there were other things which were, raised the same issue, we could consider them. I don't believe so, because this would be an entirely different action and controversy with different claimants. Okay. And, and, oh, I'm sorry. You, you don't have a case in point? No, no, your honor. And, and if I could just make a point that the way that the district court interpreted the statute is really to change the words and say, have claimed. Because she was claiming before, but not at the time of the deposit. How do you reconcile the words of the statute and the rule that requires permission of the court before you deposit the money? Easily, because I, I, I'm not saying that a case should be dismissed right away if the deposit isn't made at the time of commencement. All I'm saying is that diversity is determined at the time of deposit, which is actually helpful because then it helps weed out from federal jurisdiction cases that don't belong in federal court. You're not saying that absent a deposit at the outset, there would be no jurisdiction? Absolutely not. I'm saying jurisdiction, as Judge Gershon pointed out, can be maintained. But I'm saying under the Seventh Circuit decision and the plain language, no substantive rulings are allowed until a deposit is made. Was the Seventh Circuit decision on that point a holding or was it dictum? I believe it was a holding in that Judge Easterbrook made clear one and two. You need both contemporaneously. That was my reading of it. That's the argument you just backed off of, I thought, that you need one and two simultaneously. Yes, in order for what I'm saying is for jurisdiction, or in order to make substantive rulings, and that is when diversity is determined. I'm saying that I have no quarrel with a little lag time to make the deposit, just that diversity is not analyzed at the time of commencement and when the motion to deposit is made. And that substantive rulings can't be made before jurisdiction vests with the deposit. Thank you. Thank you. Well-reserved decision.